

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00435-CR

| | | |
|---|---|---|
| Tiffney Lynne McAdoo | § | From the 372nd District Court |
| | § | of Tarrant County (1247941R) |
| v. | § | December 13, 2012 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

NO. 02-12-00434-CR
NO. 02-12-00435-CR

TIFFNEY LYNNE MCADOO                                        APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Tiffney Lynne McAdoo attempts to appeal following her pleas of guilty to theft of property valued between $1,500 and $20,000 from an elderly individual and to making a false statement to obtain property or credit. *See* Tex. Penal Code Ann. § 31.03(e)(4), (f) (West Supp. 2012); *id.* § 32.32 (West 2011). Following the plea agreements, the trial court sentenced Appellant to five years' incarceration in each case but suspended her sentence, ordering that Appellant

---

[1]*See* Tex. R. App. P. 47.4.

be placed on community supervision for five years and that Appellant make restitution.

The trial court's certifications of Appellant's right to appeal state in each case that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2). On September 17, 2012, we notified Appellant that these appeals could be dismissed unless she or any party desiring to continue the appeals filed a response showing grounds for continuing the appeals. We have to date not received any response.

The Texas Rules of Appellate Procedure are clear that in a plea-bargain case, an appellant may appeal only those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. *See* Tex. R. App. P. 25.2(a)(2). Because the trial court's certifications reflect that Appellant has no right of appeal, we dismiss these appeals for want of jurisdiction. *See* Tex. R. App. P. 25.2(a)(2), (d), 43.2(f).

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 13, 2012